UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDAN KEITH GATLIN,

      Petitioner,

v.                                   Case No. 8:11-cv-594-T-23AEP

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

Gatlin petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for first degree murder and attempted armed robbery, for which he serves life.  The petition is time-barred.  See Day v. McDonough, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, sua sponte, the timeliness of a state prisoner's habeas petition."), and Jackson v. Sec'y Dep't of Corr., 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a petition for the writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Gatlin's conviction was final on September 21, 2007,[*] and the limitation expired one year later absent tolling for a state post-conviction proceeding.  Gatlin allowed 134 days elapse before filing a state Rule 3.850 motion to vacate on February 21, 2008.  Tolling continued until December 3, 2008, when Gatlin voluntarily dismissed his appeal in 2D08-5469.  Gatlin filed a second Rule 3.850 motion 20 days later on December 23, 2008.  Gatlin had allowed 155 days elapse (134 + 20 = 154).  Tolling continued until June 4, 2010, when the mandate issued in 2D09-1485.  Gatlin had 211 days remaining (365 - 154 = 211).  Consequently, Gatlin's federal one-year deadline was January 1, 2011 (June 4, 2010 + 211 days = January 1, 2011).  Gatlin dated his federal petition March 16, 2011.  Gatlin's federal petition is time-barred by more than two months.

Accordingly, the petition for the writ of habeas corpus is **DISMISSED** as time-barred.  The clerk shall enter a judgment against Gatlin and close this case.

ORDERED in Tampa, Florida, on March 28, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The online docket for the Second District Court of Appeal shows that the direct appeal in 2D05-411 was affirmed on June 23, 2006.  The conviction became final for federal statute of limitation purposes ninety days later, which represents the time allowed for filing a petition for the writ of certiorari, 28 U.S.C. § 2244(d)(1)(A).  See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002), and Jackson v. Sec'y Dep't Corr., 292 F.3d 1347 (11th Cir. 2002).  The dates in this order are from both Gatlin's petition and the online docket for either the trial or appellate court.